**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAMARR MADOUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-435-M |
| ) | |
| CITY OF NORMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is defendant Corey Lambrecht's ("Lambrecht") Motion to Dismiss [docket no. 4], filed May 8, 2007. On May 25, 2007, plaintiff Lamarr Madoux ("plaintiff") filed his response, and on June 25, 2007, defendant Lambrecht filed his reply. On July 27, 2007, plaintiff filed his surreply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

This case arises out of injuries suffered during plaintiff's arrest for driving under the influence of alcohol. This action was instituted pursuant to 42 U.S.C. §§ 1983 and 1988[1] alleging violations of the Fourth and Fourteenth Amendments of the Constitution with pendent state law claims of false imprisonment and assault and battery. Defendant Lambrecht now moves to dismiss plaintiff's claims based on qualified immunity.

On or about April 16, 2006, plaintiff consumed half a beer at dinner with his wife, and the two drove home. During the drive, a vehicle driving erratically came up very fast behind plaintiff

---

[1]The Court reviewed the instant claims in the context of § 1983, rather than § 1988 because "§ 1988 was intended to complement the various acts that create federal claims for relief and violations of federal civil rights. Without a violation of another civil rights statute, § 1988 does not provide an independent right of action." *Shields v. Shelter*, 120 F.R.D. 123, 125 (D. Colo. 1988). § 1988 provides that attorney's fees may be awarded to the prevailing party in any action or proceeding to enforce § 1983. *Maher v. Gagne*, 448 U.S. 122, 129 n. 11 (1980).

with its high beam lights engaged. Plaintiff reduced his speed in response to allow the driver to pass him, and the other vehicle did not change its position. Plaintiff pulled onto the shoulder of the road, followed by the other vehicle, and the other driver exited his vehicle while talking on his cell phone. Plaintiff in turn exited his vehicle, observed the other driver and returned to his car believing the other driver was drunk. Thereafter, plaintiff resumed his drive homeward, and the other vehicle continued to follow behind once again shining its bright headlights into plaintiff's car. In response, plaintiff tapped his brakes lightly, and the other vehicle did not pass him. Once again, plaintiff stopped his vehicle on the roadway shoulder, exited his vehicle and approached the other car. The driver of the other car ran past plaintiff to plaintiff's vehicle and retrieved the car keys from the ignition.

Afterwards, the other driver turned around and approached plaintiff. While standing between his vehicle and the other driver, plaintiff grabbed his car keys from the other driver and told him to stay away from his vehicle. When plaintiff turned to his vehicle to leave, the other driver flashed his police badge to plaintiff and announced that he was under arrest and was prepared to take him down. While trying to take the car keys from plaintiff's hands, the driver tackled plaintiff to the ground causing plaintiff injury. Defendant Lambrecht, on behalf of the City of Norman police, arrived during the struggle.

Plaintiff allegedly turned his car keys over to defendant Lambrecht when specifically requested. Defendant Lambrecht handcuffed plaintiff and later readjusted the handcuffs when plaintiff indicated that he was injured. Subsequently, defendant Lambrecht placed plaintiff in his squad car neither performing a field sobriety test nor facilitating medical care for plaintiff's injury.

II.     Standard for Dismissal

Upon reviewing a motion to dismiss, "a complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

    A.     Section 1983 Claims

"Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Estate of Olivas By and Through Miranda v. City and County of Denver*, 929 F. Supp. 1329, 1334-35 (D. Colo. 1996). Because qualified immunity is a defense to liability and immunity from suit, a defendant may challenge a complaint with a motion to dismiss if a plaintiff has failed to set forth facts that the defendant has violated clearly established law. *Sawyer v. County of Creek*,

908 F.2d 663, 665 (10th Cir. 1990). Once a government official pleads qualified immunity, the plaintiff initially bears a heavy two-part burden. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). A plaintiff must first allege a "deprivation of an actual constitutional right". *Peterson v. Jenson*, 371 F.3d 1199, 1202 (10th Cir. 2004). If a violation exists, then the Court must determine whether "that right was clearly established at the time of the alleged violation" based on the weight of the authorities. *Id.*

Under § 1983, damages for violation of constitutional rights are determined according to principles derived from the common law of torts. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06 (1986). "[W]hatever the constitutional basis for § 1983 liability, such damages must always be designed to compensate injuries caused by the constitutional deprivation." *Id.* Courts have used the common law of torts as a starting point for determining the contours of claims of constitutional violations under § 1983 actions. *Pierce v. Gilchrist*, 359 F.3d 1279, 1288 (10th Cir. 2004). Because federal courts have jurisdiction over § 1983 claims for violating rights secured by the Constitution or federal statute, *Maher v. Gagne*, 448 U.S. 122, 129 n. 11 (1980), the Court reviews defendant Lambrecht's assertion of qualified immunity in the context of the underlying substantive right that was allegedly violated to determine whether that right was conferred by the Constitution or by a federal statute.

In support of his motion to dismiss, defendant asserts no constitutional violation of plaintiff's right occurred on the following basis: (1) he did not personally participate in either plaintiff's imprisonment or the injury-causing act; (2) he had probable cause to arrest plaintiff; and (3) his conduct does not shock the conscious.

      1.     <u>Improper Arrest</u>

An investigatory stop may ripen into an arrest if justified by probable cause. *United States v. Shareef*, 100 F.3d 1491, 1501 (10th Cir. 1996). Probable cause is established where there is a reasonable ground to suspect that a person has committed or is committing a crime. *See Black's Law Dictionary* 1201 (6th ed. 1990). "When a warantless arrest is the subject of a § 1983 action, the arresting officers are entitled to immunity if the officer had probable cause to believe that the arrestee committed an offense." *Warnick v. Briggs*, No. 2:04CV360DAK, 2007 WL 3231609, at *12 (D. Utah Oct. 30, 2007). The test for probable cause is objective; probable cause requires facts which would warrant a belief by a reasonable man. Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 3.3, at 140 (2d ed. 1992). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Warnick*, 2007 WL 3231609, at *12.

Having carefully reviewed plaintiff's complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to plaintiff, the Court finds allegations supporting probable cause for defendant Lambrecht to arrest plaintiff. Specifically, the complaint alleges that defendant Lambrecht observed a struggle on the ground between plaintiff and the off-duty department of corrections officer[2] upon arriving on the scene of the incident. Complaint, ¶ 22. Furthermore, plaintiff consumed half a beer at dinner[3] and had been reported to defendant Lambrecht as a drunk driver by the off-duty department of corrections officer. Complaint, ¶¶ 8 and 22.

---

[2]The Complaint alleges that the off-duty department of corrections officer flashed a small round badge to plaintiff, announced that he was the police, and told plaintiff he was under arrest. Complaint, ¶ 13.

[3]The Court notes that consumption of half a beer is not necessarily enough to establish intoxication.

5

Defendant Lambrecht allegedly observed an odor of alcohol on plaintiff, and plaintiff did not submit to a breathalyzer test when requested. Complaint, ¶¶ 18 and 22. The Court finds plaintiff has not set forth sufficient allegations to establish defendant Lambrecht lacked probable cause to arrest plaintiff. As such, the Court finds plaintiff's allegations do not support a violation of a clearly established right. Accordingly, the Court grants dismissal of plaintiff's § 1983 claims against defendant Lambrecht based upon the allegedly improper arrest of plaintiff.[4]

2. Injury-Causing Acts

a. Shock of the Conscious

Injury-causing acts which shock the conscious of the Court are said to violate substantive due process rights. *White v. Dunlap*, 175 F. Supp. 2d 1281, 1286 (D. Kan. 2001). An assault and battery claim can convert into a constitutional violation if plaintiff alleges, and ultimately proves, that the defendant committed the type of injury-causing acts which shock the conscious. *Id*. Furthermore, malice or an intent to injure by any defendant is usually necessary to convert an assault or battery claim into a constitutional tort. *Id*. at 1287.

Defendant Lambrecht asserts that his conduct should not shock the Court's conscious. In support of his argument, defendant Lambrecht contends that his actions merely consisted of handcuffing and placing plaintiff in the police car which should be insufficient to shock the Court's conscious as to injury-causing acts. Furthermore, defendant Lambrecht argues he did not personally participate in plaintiff's arrest and this precludes plaintiff from establishing that defendant Lambrecht caused his injury.

[4]Because the Court is granting dismissal of plaintiff's § 1983 improper arrest claim based on probable cause, the Court declines to address the issue of defendant Lambrecht's alleged personal participation in plaintiff's allegedly improper arrest.

Having carefully reviewed plaintiff's complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to plaintiff, the Court finds plaintiff's allegations do not shock the conscious of the Court. While the complaint alleges defendant Lambrecht permanently injured plaintiff during an improper arrest, the Court does not find the alleged conduct sufficiently astonishing to shock the Court's conscious. Accordingly, the Court grants dismissal of plaintiff's § 1983 claims against defendant Lambrecht based upon the above-referenced allegedly injury-causing acts.

b.   Due Process

The Due Process Clause requires the government to provide medical care to one injured while being apprehended by police. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983). The Tenth Circuit has established parameters as to when medical care must be provided for pretrial detainees as follows:

> The right to custodial medical care is clearly established. Although pretrial detainees are protected under the Due Process Clause rather than the Eight Amendment, ... this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983. Deliberate indifference involves both an objective and a subjective component. The former is met if the deprivation is sufficiently serious - that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The latter is satisfied if an officer knows of and disregards an excessive risk to a detainee's health or safety. Essentially, the officer must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (internal citations and quotations omitted).

Defendant Lambrecht argues that the complaint's allegations set forth no set of facts which

7

would entitle plaintiff to relief. Specifically, defendant Lambrecht contends that plaintiff, by pleading that he was injured while being apprehended by an off-duty department of corrections officer and private citizen, has pleaded facts which preclude him from establishing that he was injured while being apprehended by police. As such, defendant Lambrecht concludes that plaintiff cannot hold him liable for failure to provide medical care.

Having carefully reviewed plaintiff's complaint, and accepting as true all well-pleaded facts and viewing those facts in the light most favorable to plaintiff, the Court finds sufficient allegations of deprivation of medical care. Specifically, the Court finds plaintiff alleges that defendant Lambrecht arrested, permanently injured and failed to take plaintiff to the hospital for medical treatment, Complaint, ¶¶ 16, 18 and 26. Subsequent medical examination of plaintiff confirmed that he sustained a fracture and trauma and hyper-extension to his left thumb. Complaint, ¶ 21. Furthermore, defendant Lambrecht allegedly observed plaintiff struggling on the ground with the off-duty department of corrections officer and exhibiting characteristics such as red, watery eyes, slurred speech, and an odor of alcohol. Complaint, ¶ 22. Plaintiff allegedly requested during apprehension that defendant Lambrecht take him to the hospital. Complaint, ¶ 18. The Court finds these specific allegations sufficient to meet both the subjective and objective component required to allege medical deprivation against defendant Lambrecht. Accordingly, the Court finds that plaintiff's § 1983 claims against defendant Lambrecht based upon the above-referenced allegedly injury-causing acts should not be dismissed.

B.  State Law Claims

In his complaint, plaintiff also alleges state law claims for false imprisonment and assault and battery. Complaint, Counts IV and V. Defendant Lambrecht also moves to dismiss these claims

for failure to state a claim.

1.  False Imprisonment

Defendant Lambrecht argues the false imprisonment claim should be dismissed because, *inter alia*, he had probable cause to arrest plaintiff. The *Roberts* Court held the existence of probable cause is a complete defense to a false arrest claim. *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 7, 50 P.3d 1149, 1152. As set forth above, the Court has determined that defendant Lambrecht had probable cause to arrest plaintiff. The Court, therefore, grants dismissal on plaintiff's state law claim of false imprisonment / false arrest.

2.  Assault and Battery

In support of his motion to dismiss, defendant Lambrecht states that plaintiff has pleaded facts which justify defendant Lambrecht's touching. In the civil context, assault and battery are defined in accordance with the Restatement (Second) of Torts and require: that the harmful, offensive contact, or imminent apprehension of such a contact, be intended, and harmful contact or imminent apprehension results. *See Brown v. Ford*, 905 P.2d 223, 229 n. 34 (Okla. 1995). By law, an action for assault and battery will not lie for the use of force "[w]hen necessarily committed by a public officer in the performance of any legal duty, or by any other person assisting such officer or acting by such officer's direction". Okla. Stat. tit. 21, § 643(1). Therefore, section 643(1) "requires a showing that the use of force was 'necessarily' committed". *Thetford v. Howhner*, No. 05-CV-0405-CVE-FHM, 2006 WL 964754, at *6 (N.D. Okla. April 12, 2006).

The complaint states that upon plaintiff's request defendant Lambrecht handcuffed plaintiff in front of his body, rather than behind. Complaint, ¶ 16. Defendant Lambrecht "also readjusted the handcuffs due to [p]laintiff's injuries". *Id*. The Court finds these allegations sufficient for

plaintiff to prove a set of facts against defendant Lambrecht. Specifically, the Court finds complaint allegations to sufficient to support intent and resulting offensive contact between plaintiff and defendant Lambrecht based on the handcuffing incident. Accordingly, the Court finds plaintiff's assault and battery state law claim should not be dismissed.

IV.     Conclusion

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART defendant Lambrecht's motion to dismiss as follows:

(A)     The Court GRANTS the Motion to Dismiss as to plaintiff's §1983 claims regarding improper arrest and injury-causing acts which shock the conscious, and plaintiff's state law false imprisonment claim.

(B)     The Court DENIES the Motion to Dismiss as to plaintiff's §1983 claims regarding deprivation of medical care, and plaintiff's state law claim regarding assault and battery.

**IT IS SO ORDERED this 20th day of November, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE