**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LAMARR MADOUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-435-M |
| ) | |
| CITY OF NORMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff Lamarr Madoux's Motion to Dismiss Defendant Joseph Glasco's ("Glasco") Second Counterclaim for Intentional Infliction of Emotional Distress [docket no. 31], filed July 2, 2007. On July 20, 2007, defendant Glasco filed his response. Based upon the parties' submissions, the Court makes its determination.

I.   Background

This case arises out of injuries suffered during plaintiff's arrest for driving under the influence of alcohol. This action was instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and alleges violations of the Fourth and Fourteenth Amendments of the Constitution with pendant state law claims of false imprisonment and assault and battery. In response to this action, defendant Glasco has brought counterclaims alleging intentional infliction of mental anguish and emotional distress, and assault and battery. Plaintiff now moves to dismiss the intentional infliction of mental anguish and emotional distress counterclaim.

The facts as alleged by defendant Glasco, when taken as true, illustrate that plaintiff was driving in an erratic manner crossing the centerline of the highway. Plaintiff drove his vehicle in such manner as to come up behind defendant Glasco's stopped vehicle at an intersection in a rapid and dangerous manner. Defendant Glasco states that plaintiff then stopped suddenly behind

Defendant Glasco's vehicle. Once the light changed to green, plaintiff accelerated ahead of defendant Glasco and flipped him off as he drove ahead recklessly, carelessly and dangerously. Defendant Glasco then saw plaintiff recklessly slam his brakes and switch lanes, although he stayed a safe distance behind plaintiff. When defendant Glasco pulled his vehicle to the right shoulder of the highway and stopped, plaintiff pulled his vehicle in close proximity to where defendant Glasco's vehicle was stopped. Plaintiff exited his car and aggressively approached defendant Glasco's vehicle, and defendant Glasco exited his vehicle and took the keys from the ignition of plaintiff's vehicle. Plaintiff continued to approach defendant Glasco's vehicle, said that defendant Glasco was trying to hit his vehicle, grabbed and pulled on defendant Glasco's arm, although defendant Glasco told plaintiff to let go of his arm. This ensuing struggle, defendant Glasco alleges, caused him to have mental anguish and emotional distress.

II.     Standard for Dismissal

Upon reviewing a motion to dismiss, "a complaint should not be dismissed for failure to state a claim unless it appears...[a party] can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of defendant Glasco's counterclaim is not whether he will prevail, but whether he is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in defendant Glasco's counterclaim and view them in a light most favorable to defendant Glasco. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

However, the Court need not accept as true defendant Glasco's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

Under Oklahoma law, to establish a prima facie case of intentional infliction of emotional distress, a party is required to show that: the offending party acted intentionally or recklessly; the offending party's conduct was extreme and outrageous; the party actually experienced emotional distress; and said emotional distress was severe. *Lawmaster v. Ward*, 125 F.3d 1341, 1353 (10th Cir. 1997). The standard against which plaintiff's conduct is to be measured is whether the conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Breeden v. League Serv. Corp.*, 575 P.2d 1374, 1378 (Okla. 1978). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id*. at 1376. The inquiry is an objective one. *See Anderson v. Okla. Temp. Serv., Inc.* 1996 OK CIV. APP. 90, ¶ 2, 925 P.2d 574, 577.

In the case at bar, defendant Glasco states that plaintiff committed several dangerous and intentional acts with his motor vehicle, all seemingly taken with the intent to disturb him. After defendant Glasco stopped his vehicle, he asserts that plaintiff exited his car and moved aggressively towards him. Defendant Glasco alleges these actions were so outrageous as to shock the conscious of a civilized society.

Having carefully reviewed the parties submissions, the Court finds that defendant Glasco has stated a cause of action for intentional infliction of emotional distress. Specifically, the Courts finds that defendant Glasco has alleged facts which may demonstrate that plaintiff acted recklessly and

intentionally to inflict physical injury upon him, and these actions took place in the precarious setting of an open highway. Furthermore, defendant Glasco has pled that he experienced upset, fright, mental anguish, emotional distress and loss of enjoyment of life. The Court finds these allegations, coupled with defendant Glasco's shock of the conscious contention, meets the liberal standard required to survive a motion to dismiss.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court hereby DENIES plaintiff's motion to dismiss.

**IT IS SO ORDERED this 7th day of January, 2008.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE