## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAMARR MADOUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-435-M |
| | ) | |
| CITY OF NORMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant City of Norman's ("City") Motion to Dismiss [docket no. 6], filed May 15, 2007.  On June 4, 2007, plaintiff Lamarr Madoux filed his response.  On June 25, 2007, the City filed a supplement to its motion to dismiss, and on July 27, 2007, plaintiff filed a response to the City's supplemental motion to dismiss.  Based upon the parties' submissions, the Court makes its determination.

I.      Background[1]

This case arises out of injuries suffered during plaintiff's arrest for driving under the influence of alcohol.  This action was instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and alleges violations of the Fourth and Fourteenth Amendments of the Constitution with pendant state law claims of false imprisonment and assault and battery.  The City now moves to dismiss plaintiff's claims based on a collateral finding that defendant Corey Lambrecht's ("Lambrecht") actions as a City police officer did not violate the law.  Furthermore, the City moves for dismissal of plaintiff's punitive damages claim as contrary to state law.

On or about April 16, 2006, plaintiff consumed half a beer at dinner with his wife, and the

---

[1]The facts contained in the Background section are based on those set forth in the Complaint.

two drove home.  During the drive, a vehicle driving erratically came up very fast behind plaintiff with its high beam lights engaged.  Plaintiff reduced his speed in response to allow the driver to pass him, and the other vehicle did not change its position.  Plaintiff pulled onto the shoulder of the road, followed by the other vehicle, and the other driver exited his vehicle while talking on his cell phone. Plaintiff in turn exited his vehicle, observed the other driver and returned to his car believing the other driver was drunk.  Thereafter, plaintiff resumed his drive homeward, and the other vehicle continued to follow behind once again shining its bright headlights into plaintiff's car.  In response, plaintiff tapped his brakes lightly, and the other vehicle did not pass him.  Once again, plaintiff stopped his vehicle on the roadway shoulder, exited his vehicle and approached the other car.  The driver of the other car ran past plaintiff to plaintiff's vehicle and retrieved the car keys from the ignition.

Afterwards, the other driver turned around and approached plaintiff.  While standing between his vehicle and the other driver, plaintiff grabbed his car keys from the other driver and told him to stay away from his vehicle.  When plaintiff turned to his vehicle to leave, the other driver flashed his police badge to plaintiff and announced that he was under arrest and was prepared to take him down.  While trying to take the car keys from plaintiff's hands, the driver tackled plaintiff to the ground causing plaintiff injury.  Lambrecht, a City of Norman police officer, arrived during the struggle.

Plaintiff allegedly turned his car keys over to Lambrecht when specifically requested. Lambrecht handcuffed plaintiff and later readjusted the handcuffs when plaintiff indicated that he was injured.  Subsequently, Lambrecht placed plaintiff in his squad car neither performing a field sobriety test nor facilitating medical care for plaintiff's injury.

II.     Standard for Dismissal

        Upon reviewing a motion to dismiss, "a complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007).  The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The issue in reviewing the sufficiency of plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    Discussion

        A.     Section 1983 Claims

        Plaintiff alleges that the City failed to adequately instruct, train and supervise its police officers and to maintain adequate written policies governing the use of force which resulted in the deprivation of his constitutional rights.  To establish municipal liability under § 1983, a plaintiff must show the existence of a municipal policy or custom, and that there is direct causal link between the policy or custom and the injury alleged. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1992).  The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police

come into contact.  *Id.*

However, a municipality cannot be held liable where there was no underlying constitutional violation by any of its officers.  *Id.* at 782.

In the case at bar, plaintiff asserts three § 1983 claims relating to either plaintiff's allegedly improper arrest or the alleged injury-causing acts: lack of probable cause, shock of the conscious and deprivation of medical care.  The City contends that plaintiff's claims against it should be dismissed because the Lambrecht's conduct did not violate plaintiff's federal constitutional or statutory rights.   In response, plaintiff argues that the City's officer(s) did in fact violate his constitutional rights.[2]

On November 20, 2007, the Court issued an Order on Lambrecht's motion to dismiss [docket no. 40].  Specifically, the Court found allegations supporting probable cause for Lambrecht to arrest plaintiff, and that plaintiff's allegations do not support a violation of clearly established right as to the improper arrest claim.   Furthermore, the Court found that the alleged conduct was not sufficiently astonishing to shock the Court's conscious, and granted dismissal of plaintiff's § 1983 claim as to allegedly injury-causing acts.   Finally, the Court found sufficient allegations of deprivation of medical care, and denied dismissal of plaintiff's claim as to alleged injury-causing acts.

Because the Court has found no constitutional violation by the City's officers with respect

---

[2]In his response, plaintiff concedes that punitive damages are not available against the City. Specifically, plaintiff notes that his punitive damages claims are made solely against the police and corrections officers in their individual capacities.  Consequently, the Court will not address the City's arguments as to this issue.

to plaintiff's § 1983 claims as to improper arrest and the injury-causing acts based on the shock the conscious principle, the City cannot be held liable as to these claims. Accordingly, the Court grants dismissal of these claims as to the City.

However, the Court in its November 20, 2007 Order, found plaintiff had alleged sufficient facts to establish a deprivation of medical care claim against Lambrecht. Accordingly, the Court, must now determine whether plaintiff has alleged facts to establish the City's liability with respect to plaintiff's deprivation of medical care claim. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. *Barrie v. Grand County, Utah*, 119 F.3d 862, 869 (10th Cir. 1997). This is true with respect to indifference manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id.*

In this case, the Court finds evidence suggesting the manner in which plaintiff was treated may have caused him injury. Specifically, the Court finds complaint allegations that plaintiff's medical needs were unmet during his arrest and/or confinement, even though plaintiff suggested the need for hospital treatment. Thus, the Court finds sufficient factual support alleging: the deprivation of medical care; that the City's police officer(s) knew of the need for medical treatment; and that a causal link exists between plaintiff's injuries and the alleged unconstitutional conduct.

Furthermore, plaintiff's complaint alleges that the City had learned of previous incidents as to Lambrecht wherein he and other officers failed to provide medical care to persons in the City's custody and control. Plaintiff states the City took no action to discipline, order, direct or train Lambrecht and other officers not to repeat such incidents. Because plaintiff argues that the City was aware that its policies regarding the discipline of officers accused of such behaviors were so

inadequate that it was obvious that the failure to correct would result in further such incidents, the Court finds plaintiff's allegations sufficient to support direct causal link between the policy or custom and the injury alleged and violation of a policy or custom.   Furthermore, plaintiff's complaint allegations contain sufficient factual support to establish the City's deliberate indifference as to the plaintiff's rights.   Accordingly, the Court denies dismissal of plaintiff's § 1983 claims as to deprivation of medical care.

B.      State Law Claims

In his complaint, plaintiff alleges state law claims for false imprisonment and assault and battery.   The City moves to dismiss these claims on basis that plaintiff failed to comply with the notice requirements of Oklahoma's Governmental Tort Claims Act, and, therefore, the state law claims are time-barred.

1.      False Imprisonment

In its motion, the City incorporated by reference arguments previously set forth in Lambrecht's motion to dismiss, primarily that Lambrecht had probable cause to arrest plaintiff.   In response, plaintiff asserts that Lambrecht made a warrantless arrest of plaintiff contrary to state law, and this serves as a basis for municipal liability.   Previously, the Court determined by separate order that Lambrecht had probable cause to arrest plaintiff.   November 20, 2007 Order [docket no. 40]. Probable cause is a complete defense to false imprisonment actions.   *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 7, 50 P.3d 1149, 1152.   Accordingly, the Court finds no municipal liability with respect to plaintiff false imprisonment claim.   The Court, therefore, finds plaintiff's false imprisonment claim should be dismissed as to the City.

2.      Assault and Battery

6

Any person having a claim against an Oklahoma municipality must submit a claim for damages pursuant to the Oklahoma Governmental Tort Claims Act within one (1) year of the date that the loss occurred, or the claim is forever barred. Okla. Stat. tit. 51, §§ 156(A) and (B). Furthermore, notice of the claim must be given to the municipality and an action must commence within 180 days of denial of the claim. Okla. Stat. tit. 51, § 157(B).

In this case, the complaint alleges the instant cause of action occurred on or around April 16, 2006, and plaintiff submitted a claim to the City on January 9, 2007 which was later denied. Having reviewed the court file, the Court finds that plaintiff filed a claim with the City within one year of the date the alleged loss occurred, and that the instant cause of action was commenced on April 16, 2007, less than 180 days after plaintiff's claim was denied. Accordingly, the Court denies dismissal of plaintiff's assault and battery claim as to this basis.

Furthermore, by separate order, the Court denied dismissal of plaintiff's assault and battery claim as to Lambrecht. November 20, 2007 Order [docket no. 40]. Specifically, the Court found complaint allegations sufficient to support intent and resulting offensive contact between plaintiff and Lambrecht based on the handcuffing incident. *Id*. As a result, the Court finds defendant Lambrecht's potential liability is a sufficient basis to allege a set of facts where the City could be liable for assault and battery. Therefore, the Court denies dismissal of plaintiff's assault and battery claim as to the City.

IV.    Conclusion

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART

the City's motion to dismiss as follows:

(A)    The Court GRANTS the Motion to Dismiss as to plaintiff's §1983 claims regarding improper arrest and injury-causing acts which shock the conscious and plaintiff's state law false imprisonment claim.

(B)    The Court DENIES the Motion to Dismiss as to plaintiff's §1983 claims regarding deprivation of medical care and plaintiff's state law claim regarding assault and battery.

**IT IS SO ORDERED this 7th day of January, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE