# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMARR MADOUX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-07-0435-F |
| | ) |
| CITY OF NORMAN, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Three motions are before the court. The court first considers together two related motions brought by the plaintiff, Lamarr Madoux. These motions ask the court to reconsider dismissal of certain claims previously alleged against defendant police officer Corey Lambrecht.[1]  (Doc. nos. 42, 43.) These claims were dismissed by The Honorable Vicki Miles-LaGrange (doc. no. 40) prior to the transfer of this action to the undersigned (and prior to the filing of the amended complaint[2] and other motions to dismiss the amended complaint which have now been filed by other parties and which are not yet at issue). Defendant Lambrecht has responded to these two motions,

---

[1]This officer's name is spelled "Lamprecht" on the docket sheet, and some papers filed in this case use that spelling. However, as his own motion spells his name "Lambrecht," the court uses that spelling in this order.

[2]An amended complaint was filed on February 7, 2008. (Doc. no. 54.) The motions determined in this order, however, reference the original complaint as it stood when the motions were filed. The filing of an amended complaint renders the original complaint a nullity. To the extent they are material to the instant motions, however, the amended complaint and the original complaint do not differ significantly. Therefore, as a courtesy to the parties, the court has not stricken the pending motions or required the motions to be refiled after the filing of the amended complaint. In the interest of brevity, this order refers to "the complaint" as a manner of referencing both the original complaint and the amended complaint, that is, all pleadings which plaintiff seeks leave to amend.

and no reply briefs have been filed. The third motion before the court is defendant City of Norman's motion seeking leave to supplement the record in support of its motion to dismiss. (Doc. no. 47.) Although the time for any objection to the city's motion has passed, no objection has been filed. Accordingly, all three motions are ready for determination.

1.  Plaintiff's Motions for Reconsideration and Leave to Amend

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Motions for reconsideration have a very limited function in that they give the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence or change in the law. A party may not use a motion for reconsideration as a second opportunity to present its strongest case. Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Leave to amend, on the other hand, shall be freely given, Rule 15(a), Fed. R. Civ. P., although amendment need not be allowed where the amendment would be futile because the amended claims are subject to dismissal. TV Communications Network, Inc. v. Turner Network, 964 F.2d 1022, 1028 (10th Cir. 1992).

Plaintiff's motion to amend describes the specific allegations which plaintiff seeks to add to his complaint to clarify and support his position that the dismissed claims against Officer Lambrecht should be reinstated. Judge Vicki Miles-LaGrange dismissed plaintiff's § 1983 claims regarding improper arrest and injury-causing acts which allegedly shock the conscience as well as plaintiff's state law false imprisonment claims. (Order at doc. no. 40.) (The same order declined to dismiss claims against Officer Lambrecht alleged under § 1983 for deprivation of medical care and claims alleged under state law for assault and battery.)

Plaintiff's briefing papers do not argue that any amended claims could be alleged that would take issue with the fact that Officer Lambrecht observed the plaintiff and an off-duty Department of Corrections officer, Joseph Glasco, struggling on the ground when Officer Lambrecht arrived at the scene on State Highway 9. Plaintiff's briefing papers also do not argue that any amended claims could be alleged that would take issue with the fact that Mr. Glasco reported to Officer Lambrecht: that plaintiff had been observed by Mr. Glasco driving erratically; that plaintiff had been observed by Mr. Glasco applying his brakes in an attempt to strike the vehicle of Mr. Glasco; and that Mr. Glasco had reported plaintiff as a drunk driver.

Thus, although plaintiff does take issue with the truth of the underlying facts reported to Officer Lambrecht, plaintiff concedes that Officer Lambrecht relied on the reports by Mr. Glasco. For example, as proposed in his motion for leave to amend, plaintiff seeks to add allegations that "Lambrecht had based probable cause on Glasco" and that "Lambrecht's Affidavit is misleading because he did not make the observations recounted therein, but rather [the observations] were made by Glasco and Lambrecht relied solely on Glasco without making his own independent determination of probable cause." (Doc. no. 43, p. 2.) In his motion to reconsider, plaintiff states that "Lambrecht did not make the observations recounted [in his affidavit] but rather they were made by Glasco and Lambrecht relied solely on Glasco without making his own independent determination. [Officer Lambrecht] did so because he understood Glasco to be a law enforcement officer." (Doc. no. 42, p. 3.)

Thus, plaintiff's briefing makes clear that any amended pleadings which could be filed at this point would reflect that Officer Lambrecht relied on the reports by Mr. Glasco and that it is this reliance without additional investigation by Officer Lambrecht which plaintiff asserts establishes a plausible cause of action for arrest

without probable cause.  In these circumstances, plaintiff's proposed amendment to further clarify and allege the matters described in the motion would be futile because Officer Lambrecht was entitled to rely on Mr. Glasco's statements to him.  This is especially so considering Officer Lambrecht's personal observation of the struggle between plaintiff and Mr. Glasco which was underway at the time Officer Lambrecht arrived at the scene.  *See*, *e.g.*, J.B. for L.B. v. Washington County, 127 F.3d 919, 930 (10th Cir. 1997) (plaintiffs "miss the mark by arguing that certain information provided by the eyewitness was incorrect," when defendant failed to corroborate eyewitness statements but knew the witness's identity and was able to assess that person's veracity because, in that situation, corroboration was unnecessary), citing United States v. Decoteau, 932 F.2d 1205, 1207 (7th Cir. 1991) as a case in which the court stated "if it seems reasonable to the police to believe that the [ordinary citizen] eyewitness was telling the truth, they need not take any additional steps to corroborate the information regarding the crime before taking action."  Officer Lambrecht's personal observations reinforced and corroborated to some extent the matters reported to him by Mr. Glasco.

Accordingly, the proposed amended complaint would fail to state a claim against Officer Lambrecht under § 1983 for improper arrest because it would still allege facts showing Officer Lambrecht's probable cause for the arrest.  This determination of probable cause means that the proposed amendment of plaintiff's state-law false imprisonment claim would also be futile because a finding of probable cause is fatal to such a claim.  Roberts v. Goodner's Wholesale Foods, Inc., 50 P.3d 1149, 1151-52 (Okla. Civ. App. 2002).

The other claim which plaintiff's motions seek to reinstate is plaintiff's § 1983 claim against Officer Lambrecht based on the allegation of injury-causing acts.  As

described by plaintiff, the proposed amendments would allege that Officer Lambrecht "immediately took Plaintiff and placed him in the back of his police vehicle and handcuffed him" while Mr. Glasco was not subjected to this same treatment. The proposed amendments would allege that Officer Lambrecht "attempted to pull Plaintiff up by his left arm even though he knew it was injured and that Plaintiff could not move his left arm and shoulder." (Doc. no. 43, p. 3.) Pulling plaintiff up by his injured arm is not conduct which shocks the conscience in these circumstances, however, because it is alleged either that plaintiff and Mr. Glasco had been or were at the time, struggling with each other on the ground. The complaint also alleges that when plaintiff told Officer Lambrecht that plaintiff's arm and shoulder had been injured by the other driver and asked to be handcuffed with his arms in front of his body, Officer Lambrecht "obliged." (Doc. no. 1, ¶ 16; doc. no. 54, ¶ 17.)

The court concludes that Judge Miles-LaGrange's ruling dismissing the § 1983 claim based on injury-causing acts which shock the conscience should stand because any amended complaint would still fail to state a claim for relief against Officer Lambrecht.

After careful consideration of the pleadings, the parties' submissions, and the relevant authorities, plaintiff's motion for reconsideration is granted to the limited extent that the court has agreed to, and now has, reconsidered the objected to portions of Judge Miles-LaGrange's order. Having conducted that review, the motion is **DENIED** on its merits because the proposed amendments would be futile and would not change the result reached by Judge Miles-LaGrange.

  2. <u>Defendant City of Norman's Motion to Supplement the Record</u>

The City of Norman moves the court to allow it to supplement the briefing record with respect to its previously filed motion to dismiss. The city seeks this

permission in order to rebut statements by the plaintiff which the city says a prior order by Judge Miles-LaGrange improperly considered because the statements were outside the face of the pleadings. The city maintains that the court's consideration of outside matters effectively converted the city's motion to dismiss to a motion for summary judgment, and that Judge Miles-LaGrange then ruled on that aspect of the motion without providing the city an opportunity to rebut the evidence considered by the court. The city also asks the court to revisit prior rulings by Judge Miles-LaGrange regarding the matters discussed in the motion, after any supplementation which may be allowed.

Although the time for any objection to this motion to supplement has expired, plaintiff has not objected to the motion and has not requested any additional time within which to respond. Under the circumstances, and in light of the nature of the motion, the court finds that it is appropriate to deem the motion confessed and it hereby does so. *See*, LCvR7.2(g) (motions not objected to may be deemed confessed in discretion of the court). Even if the motion were not deemed confessed, the court finds that the motion should be granted on its merits because it appears Judge Miles-LaGrange may have considered matters outside the pleadings without converting the city's motion to dismiss to a motion for summary judgment and providing the parties with an opportunity to supplement the record. For these reasons, the City of Norman's motion to supplement is **GRANTED**.

The city may supplement the record within ten business days of today's date. All parties are advised that after that time, the objected to matter identified by the city in its motion to supplement (see doc. no. 47, p. 2 at ¶ 3 and discussion following) will be revisited by the undersigned according to the standards of Rule 56. With that

understanding, any other party who wishes to make additional submissions may do so within ten business days after the filing of the city's supplemental materials.

Dated this 28th day of February, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0435p002(pub).wpd