# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMARR MADOUX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-435-F |
| | ) |
| CITY OF NORMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

"Defendant City of Norman's Supplement Regarding Plaintiff's Tort Claim," filed March 5, 2008, is before the court. (The City's supplement, doc. no. 70.) The City's supplement was filed by permission of the court, given in its order of February 28, 2008. (Doc. no. 67). That order provided that any party wishing to make additional supplements could do so within ten business days following the filing of the City's supplement. Five days late, and without seeking leave to file a late supplement, plaintiff responded with supplemental material of his own which the court has considered (doc. 78) along with all of the other material before the court pertaining to this matter.

Accordingly, the briefing is complete, and the court now reconsiders Judge Miles-LaGrange's ruling on the City's argument that plaintiff failed to give timely notice of his tort claims to the City. (City's original supplement to motion to dismiss at doc. no. 30; ruling at doc. no. 46.) Judge Miles-LaGrange's ruling stated that "[h]aving reviewed the file, the Court finds that plaintiff filed a claim with the City within one year of the date the alleged loss occurred .... Accordingly," Judge Miles-LaGrange "denies dismissal of plaintiff's assault and battery claims as to this basis." (Doc. no. 46, p. 7.)

Consistent with the above-described procedural history, the City's latest submission re-urges the argument that plaintiff's state law tort claims should be dismissed for failure to allege compliance with the notice provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. 2001 § 151 *et seq.* ("the GTCA"). Per this court's February 28, 2008 order, this issue is now reconsidered under the standards of Rule 56, Fed. R. Civ. P.

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

The GTCA provides that a person having such tort claim against a political subdivision of the state must present the claim to the political subdivision within one year of the date the loss occurs. *See*, 51 O.S. 2001 § (A), (B), (D). The parties concur that the incident which gave rise to the complaint in this action occurred on or about April 16, 2006. The only dispute is over a letter dated January 9, 2007, which purports to give notice to the City of plaintiff's tort claims.

In response to the City's considerable evidence that the facsimile transmission of this letter was not received by the City, plaintiff has presented an affidavit from one of the attorneys for the plaintiff in this action. That affidavit unequivocally states that the affiant "specifically recalls faxing the letter...regarding tort claims notification...to the facsimile number noted thereon." (Doc. no. 78, ex. 2.)

Based on this affidavit, the court finds that there is a genuine issue of material fact with respect to the question of whether plaintiff timely presented his tort claims to the City as required by the GTCA. Accordingly, summary judgment is not appropriate with respect to this issue. To the extent that any statements contained in Judge Miles-LaGrange's rulings could be interpreted as the law of the case on this issue, thereby foreclosing this fact issue at trial – for example, the statement that "the Court finds that plaintiff filed a claim with the City within one year of the date the alleged loss occurred" – any such statements are vacated. This timeliness issue will be determined at trial based on the preponderance of the evidence.[1]

After careful consideration and reconsideration, to the extent that the City's motion for summary judgment on plaintiff's tort claims argued that plaintiff failed to give timely notice of tort claims to the City as required by the GTCA , the City's motion is **DENIED**.

Dated this 26th day of March, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0435p007(pub).wpd

---

[1] Consideration of the ramifications of counsel of record also testifying as a witness on a contested fact issue in this case is beyond the scope of this order.