# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMARR MADOUX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-07-0435-F |
| | ) |
| CITY OF NORMAN, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Three motions are before the court are ready for determination. The first is "Defendant Cleveland County Board of Commissioners' Motion...to Dismiss Amended Complaint," filed February 18, 2008. (Doc. no. 63.) Plaintiff has responded, and the Board of Commissioners has replied. (Discussion, Part I.) The second motion is "Defendant Cleveland County Sheriff's Office's Motion...to Dismiss Amended Complaint," filed February 18, 2008. (Doc. no. 64.) The time for responding to this motion has passed, but no response has been filed. (Discussion, Part II.) The third motion is "Defendants City of Norman and Cory Lambrecht's Motion to Dismiss Plaintiff's Amended Complaint," filed March 5, 2008. (Doc. no. 69.) Plaintiff has responded, and the City and defendant Lambrecht have replied. (Discussion, Part III.)

### Standards

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*.

Discussion

I.  Board of Commissioners' Motion to Dismiss

The Amended Complaint alleges that the board of commissioners (the county) failed to provide medical care to the plaintiff while he was incarcerated in the Cleveland County Detention Center following his arrest on April 16, 2006.[1] In his response brief, plaintiff describes "the gist" of his allegations against the county as the county's "failure to properly fund the Sheriff, the Sheriff's Department, and the Detention Center so as to allow them to provide medical care necessary to their detainees." (Doc. no. 76, p. 1, citing ¶¶ 48 and 51 of the Amended Complaint).

Whether or not by this statement plaintiff intended to confess the lack of viability of any *other* types of claims arguably alleged against the county – for example, claims based on the county's training or supervision of county law enforcement officers, or failure to provide (as opposed to fund) adequate medical care – any such claims as may have been intended are not viable against the county as a matter of law.  *See*, Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988) (under Oklahoma law, sheriff is the final policymaker for a county jail and board of county commissions is not liable under 42 U.S.C. § 1983 because the board has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies); in Oklahoma,

---

[1]Because Cleveland County is sued through its board of commissioners, this order refers to the commissioners and the county interchangeably.

the county sheriff, not the board, is responsible for medical care; *also see*, 19 O.S. 2001 § 513 (sheriff has charge and custody of jail and prisoners); 57 O.S. 2001 § 47 (sheriff has charge of county jail and all persons confined therein); 57 O.S. 2001 § 52 (duty of sheriff of each county to provide...medical care when required, and all necessities for the comfort and welfare of prisoners" and "he shall be allowed such compensation for services required by the provisions [of this title], as may be prescribed by the county commissioners"). Accordingly, these types of claims are not viable against the county.

The court next considers the viability of plaintiff's claim that the county failed to fund adequate medical care. The paragraphs of the Amended Complaint which specifically mention a failure to fund in connection with lack of medical care, are paragraphs 48 and 51. Paragraph 48 alleges that "the refusal and failure to ... properly fund said policies caused the refusal and failure to provide proper medical care to be provided to Plaintiff." Paragraph 48 also states that "[t]he allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Paragraph 51 alleges that "[a]cting under color of law and pursuant to the official policy, practice, or custom, ... Cleveland County intentionally, knowingly, and recklessly failed to fund...Defendants...on a continuing basis, in the correct procedures to be used at the Cleveland County Detention Center, including providing proper medical attention to the seriously injured while confined."

As previously stated, Oklahoma law places the responsibility for medical care of persons incarcerated in the Cleveland County Detention Center (where plaintiff alleges he was incarcerated and deprived of medical care) squarely on the sheriff (who is a non-moving defendant in this action). The sheriff makes the policies and provides the supervision. Moreover, the only allegations in support of plaintiff's claim that the commissioners failed to fund medical care are conclusory. For

example, the Amended Complaint alleges no facts indicating that the commissioners have any responsibility for the manner in which the sheriff allocates funding as between medical care for incarcerated persons and other needs. The Amended Complaint does not allege how funding occurs, and does not allege that commissioners had any role in earmarking or allocating funds for particular purposes. Finally, plaintiff has cited no authority which adequately supports the proposition that the county may be sued on a theory that it failed to provide adequate funding for medical care of incarcerated persons.[2]

In these circumstances, the Amended Complaint does not give the court any reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for his claims. Plaintiff's "failure to fund medical care" claim against the commissioners is not a plausible claim. Taken together with this order's previous conclusion that all other claims which may have been intended against the county also are not viable, these findings entitle the board of county commissioners to dismissal of all claims alleged against the board (the county) in the Amended Complaint.

The other argument presented in the commissioners' motion is that defendants named in the Amended Complaint as "John Doe Nos. I - VI" should be dismissed because the use of such names in federal court has no legal effect.[3] Plaintiff makes two quick arguments in response. The first is that an attorney other than the attorneys bringing this motion entered his appearance on behalf of the John Doe defendants, so that the attorneys who bring this motion may not advocate on behalf of the John

---

[2] Plaintiff cites Pabon v. Wright, 459 F.3d 241 (2d Cir. 2006), but that case is not on point. Pabon merely states that doctors or other prison officials acting under color of law may be sued under §1983 for not providing medical care to prisoners. Id. at 249.

[3] The Amended Complaint alleges that the John Does were "officers and employees of the Cleveland County Detention Center, employed by Cleveland County through its Sheriff's Department." (Doc. no. 54, ¶ 5.)

Does.[4] Given the nature of this issue and the fact that the movants' attorneys represent the county, however, the moving attorneys may advocate on behalf of the unnamed county employees. Even if they could not, the court would act *sua sponte* with respect to this type of issue.

Plaintiff's other argument is that the statute of limitations has not expired. That argument is not material because defendants correctly argue that there is no legal effect, for purposes of the statute of limitations or otherwise, as a result of naming John Doe defendants. *See*, Garrett v. Fleming, 362 F.3d 692, 696-97 (10th Cir. 2004) (substituting named correction official for John Doe defendant amounted to adding a new party; it is "familiar law" that John Doe pleadings cannot be used to circumvent statutes of limitations); Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (it is "pointless" to include lists of anonymous defendants in federal court because this does not open the door to relation back).

The court finds that the John Doe defendants are entitled to dismissal from all claims alleged against them in either their individual or official capacities.

For the reasons stated above, the motion for dismissal brought by the Cleveland County Board of Commissioners and by the John Doe defendants is **GRANTED**. Amendment would be futile, and these defendants are dismissed with prejudice.

## II.  Sheriff's Office's Motion to Dismiss

The Cleveland County Sheriff's Office has moved for dismissal on the ground that the sheriff's office is not a proper defendant in this action. As previously stated, plaintiff has not responded to this motion. Given the uncontroversial substance of the motion, the court finds it appropriate to deem the motion confessed. LCvR7.1(g).

---

[4]David Batton entered his appearance on behalf of a number of defendants including the county commissioners and the John Does. (Doc. no. 66.) The moving attorneys, David W. Lee and Ambre C. Gooch, have entered their appearance on behalf of the county commissioners, the sheriff's office, and the sheriff. (Doc. nos. 56, 57.)

Alternatively, the court finds that the movant is correct on the merits. *See*, Bowden v. Hignite, 2007 WL 1994070, at *3 (sheriff's office not proper defendant in excessive force case). For both of these reasons, either one of which would be sufficient, the Cleveland County Sheriff's Office's motion to dismiss is **GRANTED**. Amendment would be futile, and the sheriff's office is dismissed from this action with prejudice.

### III.  The City and Lambrecht's Motion to Dismiss

The City of Norman (the City) and defendant Police Officer Corey Lambrecht's motion to dismiss argues that any claims alleged against defendant Lambrecht in his official capacity should be dismissed as redundant to plaintiff's claims against City.[5] The Amended Complaint alleges that Corey Lambrecht was an officer and employee of the Norman Police Department. (Doc. no. 54, ¶ 2.) The Amended Complaint alleges all claims (civil rights claims under § 1983 and tort claims) against all defendants; thus, all claims alleged against the City are also alleged against defendant Lambrecht.

Plaintiff's response does not address the merits of the movants' arguments. Rather, plaintiff simply states that the motion was late and asks the court to deny the motion. Plaintiff does not identify any prejudice which would result should the court consider the motion and rule on the merits. Given the nature of the motion, and the likelihood that if the court were to strike or deny the motion as untimely the same grounds would be reasserted later by way of a summary judgment motion, the court considers the motion on its merits.

---

[5] The motion states that it is brought under the Oklahoma pleading code. Plaintiff's response brief interprets this as scrivener's error and presumes the motion is brought under Rule 12(b)(6), Fed. R. Civ. P. Movants do not take any exception to this interpretation of their motion in their reply brief. Rule 12(b)(6), Fed. R. Civ. P., is the applicable rule and the court applies the standards of that rule.

As noted in Kentucky v. Graham, 473 U.S. 159, 167, n.14 (1985) (a § 1983 action): "[t]here is no longer a need to bring official-capacity actions against local government officials, for...local government units can be sued directly for damages and injunctive or declaratory relief." It would be redundant and possibly confusing to the jury to keep both the City and defendant Lambrecht in his official capacity, as defendants in this action. *See*, Dunn v. City of Newton, 2003 WL 21497002, at *1 (D. Kan.) (2003) (§ 1983 claims against defendant officer in his official capacity dismissed in interest of judicial economy and clarity; official capacity claim was redundant to the same claim alleged against the city).

A tort claim against a governmental employee in his official capacity is an attempt to impose liability upon the government entity. Pellegrino v. State, ex rel. Cameron Univ., ex rel. Bd. of Regents, 63 P.3d 535, 537 (2003), citing McMillian v. Monroe County, Ala., 520 U.S. 781, 785, n.2 (1997). Accordingly, plaintiff's tort claims against defendant Lambrecht in his official capacity are redundant to plaintiff's tort claims against the City. Moreover, it is improper to designate an employee in his official capacity as a named defendant for this type of claim. Pellegrino, 63 P.3d at 537. As provided in 51 O.S. 2001 §163(C): "[i]n no instance shall an employee of the state or the political subdivision acting within the scope of his employment be named as a defendant" (except with regard to certain resident physicians and interns). Pellegrino, quoting 51 O.S. § 163(C).

The City and defendant Lambrecht's motion for dismissal of all claims alleged against defendant Lambrecht in his official capacity is **GRANTED**. Amendment would be futile, and the official capacity claims against defendant Lambrecht are dismissed with prejudice.

IV. The City and Defendant Lambrecht's Request for Extension

Finally, the court notes the City and defendant Lambrecht's request for additional time within which to respond to the Amended Complaint. (Reply brief, doc. no. 80, p. 3.) A motion embedded in a brief is improper; ordinarily, the court would simply ignore such a request. Here, however, the parties have had an opportunity to state their positions regarding the untimely motion and the as yet unfiled answer. There is nothing to be gained from another round of briefing on this topic. Additionally, the scheduling situation has been made a bit more complex as a result of the recent transfer of this case to the undersigned judge. In these circumstances, rather than require the movants to file a separate motion seeking an extension of time, the court exercises its discretion to simply allow the requested extension. The City and defendant Lambrecht may answer the Amended Complaint within ten business days of the date of this order.

Dated this 4th day of April, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0435p008(pub).wpd